UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-07294-SSC                           Date: January 9, 2026

Title     Suren Grigorian, et al. v. Armen Hambardzumyan, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) **Order Granting Motion to Remand (ECF 9)**

    Before the Court is Plaintiffs' motion to remand this car-accident case to state court.  (ECF 9.)  To resolve the motion, the Court must determine whether dismissed Defendant The Hertz Corporation properly removed the action to federal court.  Because complete diversity does not exist between the parties, Plaintiffs' motion is GRANTED.

### I

    Plaintiffs Suren Grigorian and Hayk Petrosyan initially filed this action in Los Angeles County Superior Court on June 27, 2025.  (ECF 1-1.)  Plaintiffs name Armen Hambardzumyan and The Hertz

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-07294-SSC                              Date: January 9, 2026

Title      Suren Grigorian, et al. v. Armen Hambardzumyan, et al.

Corporation (Hertz) and 20 Does as defendants.[1]  The complaint alleges that Plaintiffs are California citizens and that, upon information and belief, Hambardzumyan "was and is a resident of the County of Los Angeles, State of California."  (*Id.* at 3.)

The complaint alleges negligence arising out of a motor vehicle accident in which Plaintiffs were rear-ended by Hambardzumyan, who was driving a Hertz rental vehicle.  (*Id.* at 3–4.)  For their injuries, Plaintiffs seek general damages "in a sum well in excess of the jurisdictional minimum" of Los Angeles County Superior Court, special damages "according to proof at the time of trial[,]" interest, and costs of suit.  (*Id.* at 7–8.)  Although the complaint does not allege or pray for a specific damages amount, Plaintiffs' statement of damages (served upon Hertz and attached to its notice of removal) alleges general damages of over $10 million.  (ECF 1-2 at 28.)

On August 7, 2025, Hertz timely removed this action to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (ECF 1.)  Hertz alleged in its notice of removal that Plaintiffs are both California citizens, Hertz is incorporated in Delaware and has its headquarters in Rhode Island, and that Hertz "lacks sufficient information or knowledge regarding Defendant Hambardzumyan's citizenship."  (*Id.* at 2.)  Hertz also asserted in the notice that Hambardzumyan has not been served.  (*Id.* at 3.)  Hertz alleged that the amount in controversy exceeds $75,000.  (*Id.*)  In support, Hertz asserted that Plaintiff Grigorian has "medical specials of approximately $59,000, and requires cervical spine surgery at an estimated cost of

---

[1] In determining whether a civil action is removable on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names is disregarded.  28 U.S.C. § 1441(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-07294-SSC                    Date: January 9, 2026

Title   Suren Grigorian, et al. v. Armen Hambardzumyan, et al.

$260,000, in addition to continued physical therapy and orthopedic care." (*Id.*)  Hertz also pointed to Plaintiffs' statement of damages alleging damages of over $10 million.  (*Id.*)

On September 8, 2025, Plaintiffs filed this motion to remand. (ECF 9.)  Plaintiffs assert that Hertz improperly removed the action to federal court because there is not complete diversity between the parties.  (*Id.* at 2.)  Hertz filed an opposition (ECF 15), to which Plaintiffs timely replied (ECF 16).

On November 10, 2025, Plaintiffs filed a status report regarding service of Hambardzumyan that indicated that Hambardzumyan was personally served on October 23, 2025.  (ECF 18-1 at 1.)  On December 10, 2025, Plaintiffs filed a notice of voluntary dismissal, dismissing Hertz from the complaint.  (ECF 21.)  The Court finds the matter suitable for disposition without oral argument.  Fed. R. Civ. P. 78(b); L.R. 7-15.

## II

In general, defendants may remove any case filed in state court over which the federal district courts have original jurisdiction.  28 U.S.C. § 1441(a).  An action may be removed based on diversity jurisdiction.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  A court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the action is between citizens of different states.  28 U.S.C. § 1332(a).  Diversity jurisdiction does not exist unless there is complete diversity: each defendant must be a citizen of a different state from each plaintiff.  *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-07294-SSC                              Date: January 9, 2026

Title   Suren Grigorian, et al. v. Armen Hambardzumyan, et al.

    The removing party has the burden to show that removal is proper. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case "shall be remanded." 28 U.S.C. § 1447(c).

### III

    Although the procedural posture of this motion is unusual, the central question before the Court is simple: Does the Court have diversity jurisdiction over this case?

    Plaintiffs move to remand, arguing that there is not complete diversity between the parties, as the complaint alleges that Plaintiffs and Hambardzumyan are California citizens. Because Hertz has been dismissed from this action, its motion in opposition effectively is withdrawn. *See Gemaehlich v. Air & Liquid Sys. Corp.*, No. 22-cv-07518-CRB, 2023 WL 2783668, at *2 (N.D. Cal. Apr. 5, 2023) (describing opposition to remand filed by defendant that was voluntarily dismissed prior to determination of remand motion as "now withdrawn"). Further, Hambardzumyan, the only remaining defendant, has not opposed the motion or otherwise appeared in this action. Thus, the motion to remand effectively is unopposed.

    According to the complaint, Plaintiffs and Hambardzumyan are California "residents." (ECF 1-1 at 3.) Thus, the non-diverse nature of the parties is clear from the face of the complaint. *See Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) ("Diversity is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-07294-SSC                                              Date: January 9, 2026

Title         Suren Grigorian, et al. v. Armen Hambardzumyan, et al.

generally determined from the face of the complaint."); *In re Digimarc Corp. Derivative Litig.*, 549 F.3d at 1234.  Further, as noted above, it is the removing party's burden to show that removal is proper.  *See Abrego Abrego*, 443 F.3d at 684.  Because Hertz has been dismissed and its opposition constructively withdrawn, the burden to show removal cannot be met.

　　Because there is no diversity of the parties, the Court lacks subject matter jurisdiction over this action.  Accordingly, the remand motion is GRANTED, and this matter is REMANDED to the state court.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | **ts** |